IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| LARRY DARNELL WILLIAMS, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | CASE NO. 4:09-CV-95 (CDL) |
| | * | 28 U.S.C. § 2254 |
| CLAY TATUM, | * | |
| | * | |
| Respondent. | * | |

## ORDER AND REPORT AND RECOMMENDATION

Petitioner filed the above-styled Application for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, on August 10, 2009. (R-1). He is also seeking leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears that Petitioner is unable to pay the cost of commencing this action, Petitioner's application to proceed *in forma pauperis* is hereby **GRANTED**.

Petitioner's Application is before this court for preliminary consideration under Rule 4 of the Rules Governing Section 2254 Proceedings For The United States District Courts. After preliminary examination, it appears that Petitioner's Application for Federal Writ of Habeas Corpus under 28 U.S.C. § 2254 is subject to summary dismissal.

## DISCUSSION

A review of Petitioner's previous filings reveals that the current § 2254 application is Petitioner's fourth attempt at federal habeas relief for his April 4, 2001, conviction on two counts of child molestation. Petitioner's record reveals that he pled guilty in the Muscogee

County Superior Court to two counts of child molestation and was sentenced to twenty years of imprisonment by that court on April 4, 2001. Petitioner filed no direct appeal of his guilty plea conviction and sentence. Petitioner then filed a State habeas corpus petition attacking his conviction in Mitchell County Superior court on an unspecified date, and the same was denied in April of 2002. *See* Case No. 4:02-CV-188. Petitioner applied to the Georgia Supreme Court for certificate of probable cause to appeal which was denied on November 25, 2002. *Id.* Petitioner Williams then timely filed the previous federal application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court on December 16, 2002. *Id.* In his first § 2254 application, the court reviewed Petitioner's petition on the merits but found that Petitioner was not entitled to habeas relief. *Id.* On April 25, 2003, Petitioner's application was denied and that Order was made the judgement of the Court on April 28, 2003. *Id.* Petitioner's request for a certificate of appealability was thereafter denied by this Court and also by the Eleventh Circuit Court of Appeals. *Id.* On October 12, 2006, Petitioner filed a second Petition for Writ of Habeas Corpus, Case Number 4:06-CV-117. Petitioner's application was dismissed without prejudice for Petitioner to seek authorization to file a successive petition. Petitioner's third attempt at federal habeas corpus relief, Case Number 4:07-CV-78, was dismissed by this court on September 26, 2007, as being successive.

      Title 28, U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in

the appropriate court of appeals for an order authorizing the district court to consider the application." (emphasis added). This court is, therefore, without jurisdiction to review Petitioner's § 2254 petition until such time as the Eleventh Circuit Court of Appeals grants him permission to file a successive petition.

THEREFORE, IT IS HEREBY RECOMMENDED that Petitioner's present action be DISMISSED WITHOUT PREJUDICE for Petitioner to obtain authorization to file his application in the District Court. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the United States District Judge WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED,** this 12th day of August, 2009.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

eSw